

Rebekah R. Conroy
rconroy@stoneconroy.com

August 5, 2025

**Via ECF**
Honorable Ann Marie Donio, U.S.M.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

      *Re:*    *Novo Nordisk Inc. et al. v. Apotex Inc.*
             *Case No. 24-cv-9729 (RMB)(AMD)*

Dear Judge Donio:

      This office, along with RMMS LLP, represents defendant Apotex Inc. ("Apotex") in this matter. According to Local Rule 37.1 and Your Honor's Scheduling Order, Apotex and Plaintiffs Novo Nordisk Inc. and Novo Nordisk A/S (collectively, "Novo Nordisk") jointly submit this letter regarding a dispute related to claim construction discovery, particularly expert discovery according to the Joint Discovery Plan (Dkt. 26-1), Scheduling Order (Dkt. 29), and Local Patent Rule 4.5. This potential dispute was noted in the Joint Claim Construction and Prehearing Statement, filed July 16, 2025. *See* Dkt. 68-1 at 10 nn.3-4.

      The parties have met and conferred on this matter several times, including a final meet and confer on July 28, 2025, but were unable to resolve the dispute. Accordingly, in view of the upcoming deadline to file Opening Claim Construction Briefs, including any Opening Expert Declarations, on August 21, 2025, the parties jointly write to respectfully bring this matter to the Court's attention.

      **Apotex's Position**

      Both parties have stated that they intend to rely on expert testimony to support their claim construction positions. *See, e.g.*, Dkt. 68-1 at 10, 13-14, 21. Apotex will provide an expert declaration with its opening claim construction brief, and make its expert available for deposition during the scheduled expert deposition period.

      Novo has stated that it does not intend to provide an opening expert declaration. Instead, Novo has proposed that it may disclose only "rebuttal" expert opinions with its responsive claim

25A Hanover Road, Suite 301
Florham Park, New Jersey 07932
Tel 973-400-4181 / Fax 973-498-0070
www.stoneconroy.com

construction brief, and that Apotex could then take expert discovery and supplement its responsive brief, if the Court were to allow untimely expert discovery and a supplemental filing.

Apotex maintains that, practically speaking, Novo is seeking a modification of the case schedule. The Joint Discovery Plan, Case Schedule and Local Rules contemplate simultaneous exchanges of opening briefs and claim construction declarations, followed by expert deposition discovery, followed by responsive briefs and any responsive claim construction declarations.

There is no reason to deviate from the agreed Case Schedule and Local Rules. Moreover, there is no reason to allow Novo to delay disclosure of its expert opinions that should be disclosed and examined as scheduled. Novo's proposed "compromise" allows Novo to withhold its affirmative opinions and positions and merely critique Apotex's opinions and positions after they are fully briefed and its expert is deposed. Not only does this place Novo at a clear advantage, it is contrary to the intent and purpose of the required simultaneous exchanges.

The Local Patent Rules for the District of New Jersey were created "to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush," "including the disclosure of expert evidence." *Source Search Techs., LLC v. Kayak Software Corp.*, No. CIV.A. 11-3388 FSH, 2014 WL 46769, at *3 (D.N.J. Jan. 6, 2014) (citation omitted). Now that the Joint Claim Construction Statement has been filed, "all expert testimony should be known, or at least discernable, and there is no obvious basis for holding back or 'reserving' additional expert testimony." *Warner Chilcott Lab'ys Ireland Ltd. v. Impax Lab'ys, Inc.*, No. CIV.A 08-6304 (WJM), 2010 WL 339034, at *3 (D.N.J. Jan. 22, 2010); *see also id.* ("there is generally no 'reserving' of expert witnesses in patent cases"); *see also Otsuka Pharm. Co. v. Torrent Pharm. Ltd.*, 133 F. Supp. 3d 721, 729 (D.N.J. 2015) (explaining that a responsive declaration "cannot be used . . . as the means of first disclosing an opinion that the proffering party could have, and should have, timely exchanged").

If Novo were allowed to withhold its expert opinions until the responsive round, Apotex would be compelled by prejudice to move to strike those opinions as untimely, or, alternatively, seek leave to take untimely expert discovery and file supplemental briefing. *Otsuka*, 133 F. Supp. 3d at 728-29.

In short, Novo has not provided good cause to modify the Case Schedule.

**<u>Novo Nordisk's Position</u>**

Local Patent Rule 4.5(a)–(c), on which the Scheduling Order (ECF No. 29 at 4) is based, is clear: Novo Nordisk is permitted to, after reviewing Apotex's opening *Markman* brief and opening expert declaration, decide whether to submit a rebuttal expert declaration. *See also Shire LLC v. Amneal Pharms., LLC*, C.A. No. 11-3781, 2013 WL 1932927, at *14 (D.N.J. May 7, 2013) ("Defendants are correct that submitting a declaration for a rebuttal expert with opening claim construction briefs is not required under the Local Patent Rules."). From the outset, Novo Nordisk's position has been that expert discovery regarding claim construction is unnecessary to assist the Court in construing any claim terms. This position has not changed. Novo Nordisk does

not intend to support its affirmative claim-construction arguments with expert testimony. Instead, Novo Nordisk is relying on the plain and ordinary meaning of those terms based on the intrinsic evidence. Consistent with this position, Novo Nordisk will not be submitting an opening expert declaration. In accordance with Local Patent Rules 4.2(c) and 4.3(b), however, Novo Nordisk has disclosed to Apotex that it may rely on a responsive expert declaration if necessary to rebut Apotex's opening expert declaration and, further, has disclosed the identity of its rebuttal expert witness and his expected general testimony. *See, e.g.*, ECF No. 68-1 at 10 & n.3, 21, 31, 41–42, 56, 63–64, 71 (Novo Nordisk's disclosures); *id.* at 13–14, 24, 34, 44, 59–60, 67 (Apotex's disclosures).

Submission of only a responsive expert declaration to respond to opening claim construction declarations is contemplated by and permitted under the Scheduling Order and Local Patent Rule 4.5. The Scheduling Order provides a deadline for the parties "to complete discovery from experts who submit declaration[s] in support of [the] opening Markman brief (L. Pat. R. 4.5(b))." ECF No. 29 at 4. After this deadline, the Scheduling Order provides that parties may submit "any Responsive Expert Declarations[] (L. Pat. R. 4.5(c))" with their Responsive Claim Construction Briefs. *Id.* This is based on the same procedure outlined in the Local Patent Rules. First, the parties "file and serve their opening Markman briefs and any evidence supporting claim construction, including experts' certifications or declarations." L. Pat. R. 4.5(a). Within 30 days of these opening submissions, the parties must complete "any discovery from an expert witness who submitted a certification or declaration under L. Pat. R. 4.5(a)," L. Pat. R. 4.5(b), and within 60 days of these opening submissions, the parties "contemporaneously file and serve responding Markman briefs and any evidence supporting claim construction, including any responding experts' certifications or declarations," L. Pat. R. 4.5(c). In sum, neither the Scheduling Order nor Local Patent Rule 4.5 requires that experts must submit both an opening declaration and a responsive declaration.

Apotex is effectively forcing Novo Nordisk to either (1) provide an opening expert declaration despite the fact that Novo Nordisk does not believe that extrinsic evidence is necessary for the construction of the claims and is relying instead on the plain and ordinary meaning of those terms based on the intrinsic evidence; or (2) provide a responsive declaration in the opening round of claim construction briefing, despite the fact that "a responsive expert declaration must be specifically addressed to the opinions expressed by the adversary's expert." *Otsuka Pharm. Co. v. Torrent Pharms. Ltd.*, 133 F. Supp. 3d 721, 729 (D.N.J. 2015) (citing *Shire LLC*, 2013 WL 1932927, at *9). Apotex's expert's opinions cannot be known to Novo Nordisk prior to receiving Apotex's opening expert declaration. Apotex's position defies logic and is contrary to both Local Patent Rule 4.5 and the Scheduling Order. *See, e.g.*, *Shire LLC*, 2013 WL 1932927, at *14 (explaining that "submitting a declaration for a rebuttal expert with opening claim construction briefs" was "unorthodox and lead[] to the confusion" and considering those filings "as part of the supplemental rebuttal expert disclosures" instead of in connection with "the opening claim construction brief"). All of Apotex's citations are inapt because they either relate to the questions of whether a rebuttal expert had been timely disclosed or whether a rebuttal expert declaration was truly responsive, neither of which are at issue here.

To be sure, during the parties' meet-and-confers, Novo Nordisk informed Apotex that it was not seeking to disadvantage Apotex by reserving its right to submit a responsive expert

declaration.  Recognizing that Local Patent Rule 4.5 and the Scheduling Order do not explicitly provide Apotex an opportunity to seek discovery from Novo Nordisk's responsive expert, Novo Nordisk proposed that the parties jointly request modification of the Scheduling Order such that, should Novo Nordisk serve a responsive expert declaration, Apotex could, for example, either depose Novo Nordisk's expert after submission of the responsive declaration or file a reply brief. Apotex declined these offers without explanation and failed to provide any additional compromise proposals.

Novo Nordisk respectfully requests that the Court clarify that Novo Nordisk is permitted, under the Scheduling Order and Local Patent Rule 4.5, to submit only a responsive expert declaration from its disclosed claim-construction expert should it choose to submit an expert declaration at all.

\* \* \* \* \*

We appreciate Your Honor's consideration of this matter.

Respectfully submitted,

*/s/ Rebekah R. Conroy*
Rebekah R. Conroy
STONE CONROY
*Counsel for Defendant*

*/s/ Liza M. Walsh*
Liza M. Walsh
WALSH PIZZI O'REILLY FALANGA LLP
*Counsel for Plaintiff*

RRC/br