[Docket No. 107]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

NOVO NORDISK INC. and
NOVO NORDISK A/S,

           Plaintiffs,

     v.

APOTEX INC.,

           Defendant.

No. 24-CV-9729 (RMB)

**OPINION & ORDER TO SEAL**

**RENÉE MARIE BUMB, Chief United States District Judge**

This lawsuit is a battle for GLP-1 supremacy.  Plaintiffs Novo Nordisk Inc. and Novo Nordisk A/S (collectively, "Novo Nordisk") filed their initial complaint in October 2024 alleging Defendant, Apotex, Inc., infringed upon ten patents underlying Novo Nordisk's GLP-1 drug Rybelsus.  [Docket No. 1 ¶ 4.]  The market for GLP-1s exploded in recent years,[1] and Novo Nordisk's Complaint alleges Apotex prematurely submitted an abbreviated new drug application ("ANDA") to the Food & Drug Administration requesting authority to manufacture generic versions of Rybelsus— *i.e.*, before Novo Nordisk's patents expired.  [*Id.*][2]

---

[1] Use of GLP-1s to treat obesity increased 587% from 2019 to 2024.  FAIRHealth, OBESITY AND GLP-1 DRUGS A CLAIMS BASED ANALYSIS 19 (2025).

[2] Unrelated to the instant motion, Novo filed a new lawsuit alleging further infringing activity.  *Novo Nordisk Inc. v. Apotex, Inc.*, No. 26-CV-1730 (D.N.J. Compl. filed Feb. 20, 2026).  This Court consolidated the actions on March 3, and Novo Nordisk filed their presently operative Amended Consolidated Complaint in June.  [Docket No.

But today the Court tackles a far simpler case management issue: Whether trade secrets presented in the parties' briefs and declarations ought to be walled off from public consumption. The parties jointly move to seal: (1) Apotex's Opening Claim Construction Brief and Declaration of Graham Buckton, Ph.D. [Docket No. 82]; (2) Plaintiffs' Opening Claim Construction Brief and Exhibits 1–9 to the Declaration of Liza M. Walsh [Docket No. 84]; (3) Plaintiffs' Responsive Claim Construction Brief and Exhibit 10 to the Declaration of Liza M. Walsh [Docket Nos. 88, 90]; and (4) Apotex's Responsive Claim Construction Brief as well as Exhibits 21–22 to the Declaration of Conly S. Wythers [Docket Nos. 89, 92] (collectively, "the Confidential Documents"). For the reasons expressed below, and good cause shown, the parties' motion is **GRANTED**. The Court seals the documents as jointly requested.

## I.    FINDINGS OF FACT REGARDING CONFIDENTIALITY

Through the entry of a Discovery Confidentiality Order ("DCO") on June 20, 2025, [Docket No. 65], the Court and the parties acknowledged this action involves the disclosure of confidential information, the public disclosure of which would affect the parties' legitimate business interests. In the DCO, the parties agreed to maintain such material's confidentiality and strictly limit its access. To that end, the parties jointly moved to seal the Confidential Documents on January 27, 2026. [Docket No. 107.]

---

145]. Apotex answered with counterclaims. [Docket No. 146]. Neither filing affects the joint relief requested by the parties and granted here.

The Confidential Documents disclose Plaintiffs' proprietary trade secrets related to Rybelsus (ANDA No. 213051) and Apotex's proprietary trade secrets related to its future generic drug products (ANDA No. 219837). If the Confidential Documents were available for review and potential use against the parties by competitors in the highly competitive pharmaceutical marketplace, the parties would likely suffer serious injury. Thus, the parties possess a legitimate interest in maintaining the documents' confidentiality.

Further, there is no less restrictive alternative to sealing of the Confidential Documents because they are often the beating heart of this dispute. The Court *must* review the information in the Confidential Documents to adjudicate the parties' claims and counterclaims. Sealing the confidential information in the Confidential Documents is the least restrictive means to keep the parties' arguments available for scrutiny by the industry and the public while shielding the parties' trade secrets from competitors' potential misuse.

## II.    CONCLUSIONS OF LAW

The Court is satisfied the Confidential Documents are entitled to protection. Although the public holds a common-law right of access to judicial proceedings and records, *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988)), courts may restrict public access to certain documents where "the material is the kind of information that courts will protect," *In re Avandia Mktg., Sales Pracs. & Prods. Liab.*

3

*Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)), and "good cause" exists to protect the materials and information at issue, *JJD Elec., LLC v. SunPower Corp.*, *Sys.*, 738 F. Supp. 3d 569, 576 (D.N.J. 2024) (quoting *Securimetrics, Inc. v. Iridian Techs., Inc.*, Civ. No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006)).

Trade secrets are regularly filed under seal to protect competitive advantage. *See, e.g.*, *Avandia Litig.*, 924 F.3d at 679 ("[C]ourts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'") (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)); *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (the inclusion of trade secrets and other confidential information in documents warrants sealing); *Amgen Inc. v. Sandoz, Inc.*, No. 18-11026, 2021 WL 12319960, at *3 (D.N.J. Oct. 7, 2021) (recognizing that Courts in this District have protected confidential research and development, product testing, formulations, and other trade secret information, including, but not limited to, the confidential nature of NDAs, ANDAs, drug master files, formulations, and other confidential testing by drug manufacturers"); *see also* FED. R. CIV. P. 26(c)(1)(G) (allowing courts to protect "trade secret[s] or other confidential research, development, or commercial information[.]"). Thus, good cause exists to seal the Confidential Information.

## III.    ORDER TO SEAL

The docket entries at issue comprise the parties' *Markman*[3] briefing at Docket Nos. 82, 84, 88–90, and 92—all of which remain under temporary seal pending the resolution of this motion.  [Docket No. 98.]  The parties wish to seal Docket Numbers 90-1 and 92 in their entirety, [*see* Docket Nos. 107-2 through 107-3.], and portions of Docket Numbers 82, 84, 88–90, and the exhibits attached thereto, [*id.*].  For the Court's convenience, the parties re-filed copies of Docket Nos. 82, 84, 88–90, and 92 implementing their requested redactions at Docket Nos. 101–106.

**THEREFORE**, on this **21st** day of **July 2026**, it is:

**ORDERED** the temporary seal ordered at Docket No. 98 shall remain, and Docket Nos. 82, 84, 88–90, and 92 are permanently **SEALED**; and it is further

**ORDERED** the redacted documents filed at Docket Nos. 101–106 shall remain on the docket as filed.

**July 21, 2026**
Date

/s/**Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

---

[3] *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996) (construction of a patent is purely a question of law for courts to decide).  The parties' sealed briefs and declarations argue the construction of Novo Nordisk's patents.

5